UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Tyron Copeland,<br><br>              Plaintiff,<br><br>v.<br><br>HireRight, LLC,<br><br>              Defendant. | Civil Action No.: 3:19-cv-269<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Tyron Copeland, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Tyron Copeland ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, HireRight, LLC ("HireRight"), is a California business entity with an address of 3349 Michelson Drive, Suite 150, Irvine, California 92612. HireRight is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). HireRight is regularly engaged in the business of

assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around June 2018, Plaintiff applied for a job at Coleman American Moving Service, Inc. ("Coleman").

7. Thereafter, Coleman submitted Plaintiff's information to Defendant for a background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Coleman.

9. According to the report, Plaintiff had a felony charge for organized crime pending against him in criminal court.

10. However, the information provided by Defendant to Coleman is inaccurate and misleading, as the charge was declined by the district attorney's office in November 2014, and Plaintiff was never tried or convicted.

11. Upon Coleman's receipt of the report, Plaintiff was informed that he could not work for Coleman due to the criminal history information contained in the report.

12. Plaintiff submitted a dispute to Defendant regarding the inaccurately reported pending charge for organized crime.

13. Defendant investigated the dispute, learned that the charge had been declined by the district attorney's office, yet refused to update the report or otherwise inform Coleman that the charge had, in fact, been declined.

14. In addition to being denied employment, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

15. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Coleman.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Defendant violated §§ 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20. 15 U.S.C. § 1681k(a) provides that "A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall – (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain

employment is reported it is complete and up to date. . . ."

21.     Defendant violated § 1681k(a) of the FCRA by failing to notify Plaintiff at the time it submitted its report to Coleman that the report contained public record information related to Plaintiff's alleged criminal history that was likely to have an adverse effect on Plaintiff's ability to obtain employment, and/or by failing to maintain strict procedures designed to ensure that said information was complete and up to date.

22.     15 U.S.C. § 1681i(a) provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

23.     Defendant violated § 1681i(a) by failing to conduct a reasonable investigation after Plaintiff submitted his dispute and by failing to correct the report to reflect that that the charge of organized crime had been dismissed.

24.     These failures directly prevented Plaintiff from securing employment, which has damaged Plaintiff.

25.     As a result of Defendant's violations of §§ 1681e(b), 1681k(a), and 1681i(a) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 19, 2019

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff